UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Irby Dewitt,<br><br>PETITIONER<br><br>v.<br><br>Warden of FCI-Edgefield,<br><br>RESPONDENT | Case No. 9:19-cv-02074-TLW<br><br>**Order** |

Petitioner Irby Dewitt, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the magistrate judge to whom this case was assigned. ECF No. 9. In the Report, the magistrate judge recommends that the petition be summarily dismissed. Petitioner filed objections to the Report. ECF No. 12. This matter is now ripe for decision.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992)

1

(citations omitted). In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections.

Petitioner, a federal inmate, pled guilty to charges of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 2). In December 2005, the Court sentenced him as a career offender to a total of 312 months incarceration. *United States v. Dewitt*, No. 4:04-cv-00795-TLW-4 (D.S.C.), ECF Nos. 44, 107, 127. Since then he has filed numerous habeas petitions and other motions challenging his conviction and sentence, many of which raised the same argument he raises here about his sentences running concurrently instead of consecutively and all of which have been denied. *See Dewitt*, No. 4:04-cv-00795-TLW-4 (D.S.C.), ECF No. 314 at 1–3 (explaining his lengthy post-conviction litigation history before dismissing his most-recent § 2255 petition as successive).

As the magistrate judge correctly recognized, a federal defendant challenging his sentence must pursue that challenge via a § 2255 petition unless he can satisfy the savings clause test set forth by the Fourth Circuit in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018). ECF No. 9 at 5–6. And as the magistrate judge also correctly concluded, Petitioner cannot satisfy that test here. *Id.* at 6–7.

Petitioner attempts to evade *Wheeler* by arguing in his objections that he is actually challenging the execution of his sentence, not its imposition. ECF No. 12 at 3. But that is not so. His argument is that the Court should have *imposed* a consecutive sentence, rather than a concurrent sentence, and to remedy that issue,

he asks the Court to vacate his sentence and resentence him. *Id.* at 3–4. There is no merit to his argument that he is merely challenging the execution of his sentence.

Accordingly, after careful review of the Report and the objections, for the reasons stated by the magistrate judge, the Report, ECF No. 9, is **ACCEPTED** and Petitioner's objections, ECF No. 12, are **OVERRULED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Senior United States District Judge

August 1, 2022
Columbia, South Carolina

3